IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

EFRAIN HILARIO and GABINA
MARTINEZ-FLORES, as surviving
parents of ERIK HILARIO,
deceased, and EFRAIN HILARIO,
as Personal Representative of the
Estate of ERIK HILARIO, deceased,

    Plaintiffs,

v.

NEWELL RECYCLING OF
ATLANTA, INC. et al.,

    Defendants.

1:12-cv-2948-WSD

**OPINION AND ORDER**

This matter is before the Court on Plaintiffs' Motion to Remand [4].

**I.  BACKGROUND**

On July 19, 2012, Plaintiffs Efrain Hilario and Gabina Martinez-Flores, as surviving parents of Erik Hilario, deceased, and Efrain Hilario, as Personal Representative of the Estate of Erik Hilario, deceased, ("Plaintiffs") initiated this action in the State Court of Fulton County, Georgia. In their Complaint [1-1] and Amended Complaint [1-2, 2], Plaintiffs allege that their decedent, Erik Hilario (the "Decedent"), was killed in a fire while working on equipment owned, and located

on premises owned, by Defendants Newell Recycling of Atlanta, Inc., Newell Equipment Leasing, LLC, Newell Recovery, LLC, and Newell Transportation, LLC, ("Defendants").  Plaintiffs assert wrongful death and negligence claims against Defendants under Georgia law and seek numerous categories of damages, including "compensatory, special, economic, general, [and] punitive" damages. (Am. Compl. [2] ¶ 49.)

On August 24, 2012, Defendants removed the action to this Court on the basis of federal question jurisdiction.  In their Notice of Removal [1], Defendants contend that the Court has subject matter jurisdiction over the action because Plaintiffs' "right to relief necessarily depends on resolution of a substantial question of federal law."  Defendants allege that the Decedent was an illegal alien and, therefore, the Immigration Reform and Control Act of 1986 ("IRCA") precludes Plaintiffs' ability to sue for damages based on the Decedent's lost earnings.  Defendants further contend that the Court has diversity jurisdiction because Plaintiffs are citizens of Mexico, Defendants are "United States business entities," and the amount in controversy exceeds $75,000.  (Not. Removal [1] ¶¶ 5–7.)

On August 30, 2012, Plaintiffs filed their Motion to Remand on the basis that their Complaint does not present a federal question and that the Court thus

lacks federal subject matter jurisdiction.  Plaintiffs further argue that, because Defendants are Georgia citizens, removal based on diversity jurisdiction is not permitted.  Plaintiffs also request that they be awarded their costs and expenses associated with filing the Motion to Remand.  On September 17, 2012, Defendants filed their opposition [9] to the Motion to Remand in which they assert that the Court has jurisdiction under the "substantial federal question" doctrine.[1]  Although they argue that diversity jurisdiction also exists, Defendants concede that removal on that basis alone is not proper.  Defendants did not respond to Plaintiffs' request for costs and expenses.

## II.   DISCUSSION

### A.   Legal Standard

Under the removal statute "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant" to federal court.  28 U.S.C. § 1441(a) (2006).[2]  Where removal is challenged, the removing party has the burden to show removal is proper, or the

---

[1] Defendants expressly disclaim "complete preemption" as a basis for removal.

[2] In cases where original jurisdiction is based "solely" on diversity under 28 U.S.C. § 1332(a), the action "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2).

case must be remanded to the state court.  Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001).  "[U]ncertainties are resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).  Once a case is removed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c) (2006).

    B.    Analysis

        1.    *Remand for Lack of Subject Matter Jurisdiction*

Defendants contend that removal of this action was proper because the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.  See 28 U.S.C. § 1331 (2006) ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.") Whether a claim "arises under" federal law "is governed by the 'well-pleaded complaint rule,' which provides that § 1331 jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Dunlap v. G&L Holding Grp., Inc., 381 F.3d 1285, 1290 (11th Cir. 2004) (quoting Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987)).  The plaintiff is "the master of the claim," and he may avoid federal jurisdiction by relying exclusively on state law, even where a federal claim is also available.  Id. (quoting Caterpillar,

482 U.S. at 392). Even when a plaintiff has pleaded only state-law causes of action, however, he may not avoid federal jurisdiction if either "(1) his state-law claims raise substantial questions of federal law or (2) federal law completely preempts his state-law claims." Id. (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 13 (1983)). Defendants here argue that this case involves a "substantial federal question."

"[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." Id. at 1290 (quoting Mobil Oil Corp. v. Coastal Petroleum Co., 671 F.2d 419, 422 (11th Cir. 1982)) (alteration in original). Jurisdiction depends on whether a "state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Adventure Outdoors, Inc. v. Bloomberg, 552 F.3d 1290, 1295 (11th Cir. 2008) (quoting Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005)). To be "substantial," the federal issue must be "an essential element" of the plaintiff's claim, and "the federal right or immunity that forms the basis of the claim must be such that the claim will be supported if the federal law is given one construction or effect and defeated if it is given another." Dunlap, 381 F.3d at 1290. A federal issue raised only in a

defense, not in an element of the plaintiff's claim, cannot form the basis of a "substantial federal question." Id. at 1290 n.8; Newton v. Capital Assurance Co., 245 F.3d 1306, 1308–09 (11th Cir. 2001); Blab T.V. of Mobile, Inc. v. Comcast Cable Comm'ns, Inc., 182 F.3d 851, 854 (11th Cir. 1999).[3]

Defendants argue that this case presents a "substantial federal question" because IRCA precludes Plaintiffs' ability to sue for the Decedent's lost earnings.[4] Even if Defendants' IRCA argument were true, which the Court does not decide

---

[3] A defense based on federal law can serve as the basis for federal question removal jurisdiction only where the defense "completely preempts" the state law cause of action. See Dunlap, 381 F.3d at 1290. Defendants do not argue that complete preemption applies here. See id. at 1291 (noting the complete preemption has been recognized only in the Labor Management Relations Act, the Employee Retirement Income Security Act of 1974, and the National Bank Act).

[4] IRCA is "a comprehensive scheme prohibiting the employment of illegal aliens in the United States" and makes "combating the employment of illegal aliens central to '[t]he policy of immigration law.'" Hoffman Plastic Compounds, Inc. v. NLRB, 535 U.S. 137, 147 (2002) (alteration in original) (quoting INS v. Nat'l Ctr. for Immigrants' Rights, Inc., 502 U.S. 183, 194 n. 8 (1991)); see also IRCA, Pub. L. No. 99-603, 100 Stat. 3359 (1986) (codified as amended in scattered sections of 8 U.S.C.). In Hoffman, the Supreme Court held that IRCA precludes an award of back pay, under the National Labor Relations Act, to an illegal alien. 535 U.S. at 151–52. Some courts have extended the reasoning of Hoffman to find that IRCA preempts the recoverability by illegal aliens of damages for lost earnings under state tort law. See, e.g., Veliz v. Rental Serv. Corp. USA, Inc., 313 F. Supp. 2d 1317, 1336 (M.D. Fla. 2003) (holding that IRCA precluded estate of illegal alien from recovering lost wages in product liability action). But see Cont'l PET Techs., Inc. v. Palacias, 604 S.E.2d 627, 631 (Ga. Ct. App. 2004) (holding that IRCA "does not preempt Georgia law on the question of whether or not an illegal alien may receive workers' compensation benefits for employment").

here, it raises only a defense to one item of damages sought by Plaintiffs in their state law causes of action. No *prima facie* element of Plaintiffs' claims turns on the application or interpretation of IRCA, or any other federal law. This case, therefore, does not present a "substantial federal question," and the Court does not have federal question jurisdiction.[5]

2. *Plaintiffs' Costs and Expenses*

In remanding a case, the Court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). District courts may, in their discretion, award expenses under § 1447(c) "where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

---

[5] Although Defendants also argue that the Court has diversity jurisdiction, they acknowledge that removal based "solely" on diversity is not available where a defendant is a citizen of the forum state. See 28 U.S.C. § 1441(b)(2). As Defendants allege only that they are "United States business entities" whose "principal places of business are in Georgia and Texas" (Not. Removal [1] ¶ 6; Defs.' Br. [9] at 16), the record does show where Defendants are citizens, and the Court cannot determine that diversity jurisdiction exists here. See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1021–22 & n.1 (11th Cir. 2004) (explaining that "corporations are citizens in the states of their incorporation and their principal place of business" and "a limited liability company is a citizen of any state of which a member of the company is a citizen"). Nevertheless, Defendants appear to concede that they are Georgia citizens. If true, because there is no federal question here, Defendants' removal could be based "solely" on diversity and would be improper under 28 U.S.C. § 1441(b)(2).

Because a federal question does not appear on the face of Plaintiffs' Complaint, and because removal based solely on diversity jurisdiction is not available in this case, Defendants did not have "an objectively reasonable basis for seeking removal."  See Devine v. Prison Health Servs., Inc., 212 F. App'x 890, 893 (11th Cir. 2006).  For this reason, and because Defendants' failed to oppose Plaintiffs' request, the Court concludes that Plaintiffs should be awarded their costs and expenses.  See id.; see also Kramer v. Gwinnett Cnty., 306 F. Supp. 2d 1219, 1221 (N.D. Ga. 2004) (holding that, under Rule 7.1(B) of the Court's Local Rules, "a party's failure to respond to any portion or claim in a motion indicates such portion, claim or defense is unopposed").

### III. CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand [9] is **GRANTED**.  The Clerk is **DIRECTED** to **REMAND** this action to the State Court of Fulton County, Georgia.

**IT IS FURTHER ORDERED** that Plaintiffs submit, within fourteen (14) days of this Order, an itemized list of costs and expenses, including attorney's fees, that they have incurred as a result of the removal of this action.  Within fourteen (14) days of Plaintiffs' submission, Defendants may file a response.

**SO ORDERED** this 25th day of March, 2013.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE