# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| EFRAIN HILARIO AND GABINA MARTINEZ FLORES, As Surviving Parents of ERIK HILARIO, Deceased, and EFRAIN HILARIO, as Personal Representative of the Estate of ERIK HILARIO, Deceased, <br><br> Plaintiffs, <br><br> v. <br><br> NEWELL RECYCLING OF ATLANTA, INC.; NEWELL EQUIPMENT LEASING, LLC; NEWELL RECOVERY, LLC; and NEWELL TRANSPORTATION, LLC, <br><br> Defendants. | Civil Action No.1:12-CV-2948 |

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' ITEMIZED LIST OF COSTS AND EXPENSES, INCLUDING ATTORNEYS' FEES

Defendants Newell Recycling of Atlanta, Inc.; Newell Equipment Leasing LLC; Newell Recovery, LLC; and Newell Transportation, LLC (collectively "Defendants"), by and through undersigned counsel, hereby file their Response in Opposition to Plaintiffs' Itemized List of Costs and Expenses, Including Attorney's Fees, Dkt. No. 29.

Defendants' opposition is based on the general rule that an award of any fees is unwarranted on a motion to remand.  Indeed, "In the absence of unusual circumstances, a district court may award attorney's fees on remand only if the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, fees should be denied if the removing party had an objectively reasonable basis" for seeking removal.  *Moore's Federal Practice* § 54.171(4)(h); *see also Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065-1066 (9th Cir. 2008); *Admiral Ins. Co. v. Abshire*, 574 F.3d 267, 280-281 (5th Cir. 2009).

Here, Defendants had an "objectively reasonable basis" for removal.  *See id.* Defendants argued that Plaintiffs' state-law claims raised substantial questions of federal law as to "whether and to what extent . . . illegal alien plaintiffs are barred by IRCA preemption from suing for damages based upon earnings of a deceased employee who violated IRCA by providing false information in the employment eligibility verification process." (*See* Notice of Removal, Dkt. No. 1, ¶ 2.)

As to the issue of whether Defendant's federal question impacts an element of Plaintiff's claims, specifically the damages issue that "awarding backpay to illegal aliens runs counter to policies underlying IRCA" addressed in *Hoffman Plastic Compounds, Inc. v. NLRB*, 535 U.S. 137, 149 (2002), Defendants respectfully submit that in tort-type claim, the essential elements of the claim

include the four elements of "duty, breach, cause, and damages." Defendant's removal here (while rejected by the Order of Remand) was based on the federal question of whether uncontroverted Supreme Court authority precludes that damages element of Plaintiff's claims as being contrary to federal law

While Defendants understand that their argument has ultimately been rejected, Defendants submit there is no question but that this argument for removal was nonetheless made in good faith and in reliance on Defendants' interpretation of settled Supreme Court and Eleventh Circuit precedent. (*See* Defendants' Response in Opposition to Motion to Remand, Dkt. No. 9, pp. 7-10) (citing *Hoffman Plastic Compounds, Inc. v. NLRB*, 535 U.S. 137, 149 (2002); *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 318 (2005); *Hill v. Bellsouth Telecommunications, Inc.*, 364 F.3d 1308, 1314 (11th Cir. 2004); *Dunlap v. G&L Holding Group, Inc.*, 381 F.3d 1285, 1290 (11th Cir. 2004).)

Respectfully, Defendants request and submit that they should not be assessed attorneys' fees and costs when they had a good faith belief that removal was appropriate. *See Legg v. Wyeth*, 428 F.3d 1317, 1325 (11th Cir. 2005) (citing *Wecker v. National Enameling & Stamping Co.*, 204 U.S. 176, 186 (1907)) ("As the Supreme Court long ago admonished, 'the Federal courts should not sanction

3

devices intended to prevent a removal to a Federal court where one has that right, and should be equally vigilant to protect the right to proceed in the Federal court'").

Also of note, Defendants have maintained their opposition to an award of fees and costs since briefing. Indeed, by opposing Plaintiff's underlying Motion to Remand, Defendants necessarily objected to Plaintiffs' ancillary request for attorneys' fees and costs. Moreover, Defendants specifically argued that Plaintiffs' request for attorneys' fees and costs was inappropriate given Plaintiffs' erroneous reliance upon *Merrill Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804 (1986) for a proposition which had been expressly discredited and rejected by the Eleventh Circuit in *Hill v. Bellsouth Telecommunications, Inc.*, 364 F.3d 1308, 1314 (11th Cir. 2004) and by the Supreme Court in *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 318 (2005). (*See* Defendants' Response in Opposition to Plaintiff's Motion to Remand, Dkt. No. 9, p. 4 n. 4) ("Plaintiffs' omission of the Supreme Court's holding in *Grable* completely undermines their subsequent claim for attorneys' fees on the basis that 'removal is contrary to established precedent.'") As Defendants argued at the time, Plaintiffs should not recover attorneys' fees and costs on remand when their opposition to removal was based (at least in part) on a clear misapplication of the

4

relevant case law which could have been discovered by simply Shepardizing the cases cited. (*See id.*)

For the foregoing reasons, Defendants oppose Plaintiffs' Itemized List of Costs and Expenses, Including Attorney's Fees, Dkt. No. 29, in its entirety. In the alternative, Defendants contend that Plaintiffs' fees and costs should be reduced in an amount to be determined by the Court to reflect Defendants' good faith belief that removal was appropriate in reliance upon settled Supreme Court and Eleventh Circuit precedent.

Respectfully submitted this 16th day of April, 2013.

/s/ W. Kruger
Walter J. Kruger III, Esq.
Georgia Bar No. 429926
Matthew R. Simpson, Esq.
Georgia Bar No. 540260
FISHER & PHILLIPS LLP
1075 Peachtree Street, NE
Suite 3500
Atlanta, GA 30309
(404) 231-1400 (Telephone)
(404) 240-4249 (Facsimile)
*wkruger@laborlawyers.com*
*msimpson@laborlawyers.com*

Wayne D. McGrew, III
Georgia Bar No. 493216
Neil T. Edwards
Georgia Bar No. 967177

Carlock, Copeland & Stair, LLP
191 Peachtree Street, N.E.
Suite 3600
Atlanta, GA 30303-1740
Tel: 404-522-8220
*dmcgrew@carlockcopeland.com*
*nedwards@carlockcopeland.com*

COUNSEL FOR DEFENDANTS

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EFRAIN HILARIO AND GABINA MARTINEZ FLORES, As Surviving Parents of ERIK HILARIO, Deceased, and EFRAIN HILARIO, as Personal Representative of the Estate of ERIK HILARIO, Deceased, <br><br> Plaintiffs, <br><br> v. <br><br> NEWELL RECYCLING OF ATLANTA, INC.; NEWELL EQUIPMENT LEASING, LLC; NEWELL RECOVERY, LLC; and NEWELL TRANSPORTATION, LLC, <br><br> Defendants. | Civil Action No.1:12-CV-2948 |

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of April 2013, I electronically filed the foregoing Defendants' Response in Opposition to Plaintiffs' Itemized List of Costs and Expenses, Including Attorneys' Fees with the Clerk of the Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorney of record:

>Alan J. Hamilton
>Jeff P. Shiver
>*@shiverhamilton.com*
>SHIVER HAMILTON, LLC

3350 Peachtree Road
Suite 1120
Atlanta, Georgia 30326
404-593-0020


Mark Murray
*@murraylegal.com*
THE MURRAY LAW FIRM
51 Lenox Pointe
Atlanta, Georgia 30324
404-842-1600

 

_____
Walter J. Kruger III, Esq.
Georgia Bar No. 429926