IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

EFRAIN HILARIO and GABINA
MARTINEZ-FLORES, as surviving
parents of ERIK HILARIO,
deceased, and EFRAIN HILARIO,
as Personal Representative of the
Estate of ERIK HILARIO, deceased,

    Plaintiffs,

v.

NEWELL RECYCLING OF
ATLANTA, INC. et al.,

    Defendants.

1:12-cv-2948-WSD

**OPINION AND ORDER**

This matter is before the Court on Plaintiffs' Itemized List of Costs and Expenses, Including Attorney's Fees [29] ("List of Costs"), submitted pursuant to the Court's March 25, 2013, Order remanding this action to state court and awarding Plaintiffs their costs and expenses, including attorney's fees, incurred as a result of the removal of this action.

I.    **BACKGROUND**

On July 19, 2012, Plaintiffs Efrain Hilario and Gabina Martinez-Flores, as surviving parents of Erik Hilario, deceased, and Efrain Hilario, as Personal

Representative of the Estate of Erik Hilario, deceased, ("Plaintiffs") filed this action, asserting wrongful death and negligence claims against Defendants under Georgia law, in the State Court of Fulton County, Georgia.  Plaintiffs allege that their decedent, Erik Hilario (the "Decedent"), was killed in a fire while working on equipment owned, and located on premises owned, by Defendants Newell Recycling of Atlanta, Inc., Newell Equipment Leasing, LLC, Newell Recovery, LLC, and Newell Transportation, LLC, ("Defendants").

On August 24, 2012, Defendants removed the action to this Court on the basis of federal question jurisdiction.  In their Notice of Removal [1], Defendants contended that the Court has subject matter jurisdiction over the action because Plaintiffs' "right to relief necessarily depends on resolution of a substantial question of federal law."  Defendants alleged that the Decedent was an illegal alien and, therefore, the Immigration Reform and Control Act of 1986 ("IRCA") precludes Plaintiffs' ability to sue for damages based on the Decedent's lost earnings.  Defendants further contended that the Court has diversity jurisdiction because Plaintiffs are citizens of Mexico, Defendants are "United States business entities," and the amount in controversy exceeds $75,000.  (Not. Removal [1] ¶¶ 5–7.)

On August 30, 2012, Plaintiffs filed their Motion to Remand on the ground

that their Complaint does not present a federal question and that the Court thus lacks federal subject matter jurisdiction.  Plaintiffs further argued that, because Defendants are Georgia citizens, removal based on diversity jurisdiction is not permitted.  Plaintiffs also requested that they be awarded their costs and expenses associated with filing the Motion to Remand.

On March 25, 2013, the Court entered its order [27] (the "Remand Order") granting Plaintiffs' Motion to Remand.  The Court found that federal question jurisdiction does not exist over this matter because Plaintiffs' assert only state law claims that do not implicate a "substantial federal question."  The Court further found that removal based on diversity jurisdiction was not proper because, under 28 U.S.C. § 1442(b)(2), Defendants, who conceded being Georgia citizens, are precluded from removing a state case on the basis of diversity.  Finding that Defendants "did not have 'an objectively reasonable basis for seeking removal,'" the Court remanded the action to state court and concluded that Plaintiffs should be awarded their costs and expenses incurred as a result of the removal.  The Court instructed Plaintiffs to submit an itemized list of claimed costs and expenses and permitted Defendants to respond to Plaintiffs' submission.

On April 2, 2013, Plaintiffs submitted their List of Costs seeking $65.70 for a transcript, $9.51 for a conference call, and $75 for 300 photocopies.  Plaintiffs

further requested $11,567.50 for attorney's fees based on 28.7 hours of tasks performed by attorneys and paralegals billing at $450 and $65 per hour, respectively. With the List of Costs, Plaintiffs submitted a spreadsheet detailing the individual tasks performed.

On April 16, 2013, Defendants filed their response in opposition to Plaintiffs' List of Costs. In it, Defendants do not oppose, or otherwise respond to, any particular expense claimed by Plaintiffs. Defendants instead argue that Plaintiffs should not be awarded their costs because Defendants' primary argument in favor of removal—that IRCA precludes Plaintiffs' ability to recover damages for their Decedent's lost earnings and, therefore, confers federal question jurisdiction on the Court—was "made in good faith." (See Defs.' Opp'n [30] at 3.)

## II.   DISCUSSION

After remanding an improperly removed case, the Court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." See 28 U.S.C. § 1447(c).[1] Plaintiffs first seek $65.70 for

---

[1] Although Defendants opposed Plaintiffs' Motion to Remand, on the ground that the Court has jurisdiction over this matter, Defendants did not specifically oppose, or otherwise respond to, Plaintiffs' request for expenses in the event the Court granted the Motion to Remand. In its Remand Order, the Court noted Defendants' failure to specifically oppose the awarding of expenses and *also* determined that Plaintiffs should be awarded their expenses because "Defendants did not have 'an objectively reasonable basis for seeking removal.'" (Order [27] at 8 (quoting

4

a transcript, $9.51 for a conference call, and $75 for 300 photocopies. The Court finds that Plaintiffs should recover these expenses.

Plaintiffs next seek $11,567.50 for attorney's fees. The amount of attorney's fees awarded is determined by the Court under a reasonableness standard known as the "lodestar method." See Bujanowski v. Kocontes, 359 F. App'x 112, 114 (11th Cir. 2009) (applying the "lodestar method" to attorney's fee claims made under 28

---

Devine v. Prison Health Servs., Inc., 212 F. App'x 890, 893 (11th Cir. 2006)).) In their response to Plaintiffs' List of Costs, Plaintiffs appear to ask the Court to reconsider its decision to award expenses. The Court does not consider this request because Defendants did not file a motion to reconsider. See Fed. R. Civ. P. 60(b) (authorizing a court to relieve a party from an order only "[o]n motion and just terms"). If the Court construed Defendants' opposition to the List of Costs as a properly filed motion to reconsider, the Court would deny the motion for the same reasons articulated in the Remand Order. The basis of Defendants' removal is their argument that IRCA precludes Plaintiffs from recovering an item of damages. As fully explained in the Remand Order, this argument constitutes a defense to one of Plaintiffs' claims, and therefore cannot confer federal question jurisdiction on this Court. See, e.g., Dunlap v. G&L Holding Grp., Inc., 381 F.3d 1285, 1292 (11th Cir. 2004); see also HSBC Bank USA v. Santiago, No. CV 10-04127, 2011 WL 165382, at *2 (C.D. Cal. Jan. 18, 2011) ([I]t is black letter law that defenses arising under federal law do not create removal jurisdiction . . . ."). Thus, even if Defendants believed in good faith, as they argue now, that their IRCA defense permitted removal, Defendants lacked "an *objectively* reasonable basis for seeking removal." See Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005) (emphasis added) (holding that a district court may award expenses under 28 U.S.C. § 1447(c) "where the removing party lacked an objectively reasonable basis for seeking removal"); see also Gray v. N.Y. Life Ins. Co., 906 F. Supp. 628, 634 (N.D. Ala. 1995) ("[I]n deciding whether to award fees under § 1447(c), the *merit* of the removal is much more important than the *motivation* for the removal. In fact, it is the overriding consideration.").

U.S.C. § 1447(c)). "The initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." Blum v. Stenson, 465 U.S. 886, 888 (1984) (citing Hensley v. Eckerhart, 461 U.S. 424 (1983)). The reasonable hourly rate is determined by the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." Norman v. Housing Auth. of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1999). The attorney requesting fees bears the burden of establishing the reasonable hourly rate. ACLU v. Barnes, 168 F.3d 423, 427 (11th Cir. 1999). After determining the reasonable hourly rate, the court must determine the reasonableness of the hours expended. Id.; see also Norman, 836 F.2d at 1301. Attorneys requesting fees should "maintain[] records to show the time spent on the different claims, and the general subject matter of the time expenditures . . . with sufficient particularity so that the district court can assess the time claimed for each activity." Barnes, 168 F.3d at 427; see also Norman, 836 F.2d at 1303.

A party opposing a motion for attorney's fees must lodge "specific" and "reasonably precise" objections to the request. Barnes, 168 F.3d at 427; see also Gray v. Lockheed Aeronautical Sys. Co., 125 F.3d. 1387, 1389 (11th Cir. 1997). Failing to specifically object to the amounts or hours the opponent finds

6

unreasonable is "generally deemed fatal" and will likely result in an award of the requested fees. Gray, 125 F.3d at 1387.

Having reviewed the itemized list of tasks performed by Plaintiffs' attorneys in connection with their Motion to Remand, the Court finds that the actions performed and time spent on each are reasonable. Although Plaintiffs did not submit evidence of the reasonableness of the specific hourly rates charged, the Court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." See Norman, 836 F.2d at 1303 (quoting Campbell v. Green, 112 F.2d 143, 144 (5th Cir. 1940)). The Court finds that the hourly rates charged here—$450 for lawyers and $65 for paralegals—are reasonable.[2] Plaintiffs should recover attorney's fees in the amount requested of $11,567.50.

---

[2] The Court notes that Defendants did not object to the reasonableness of any particular time entry sought by Plaintiffs or to the hourly rates charged by Plaintiffs' attorneys.

## III. CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that, pursuant to 28 U.S.C. § 1447(c), Defendants pay Plaintiffs' costs and expenses incurred as a result of the removal of this action in the amount of $11,717.71.

**SO ORDERED** this 18th day of June, 2013.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE